# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TOMMIE CROSKEY,

    *Plaintiff*,

v.

BARBARA S. SAMPSON,
*Chairwoman of the Michigan Parole Board*;
L. SCHNEIDER, *Analyst, MDOC*;
D. FOUNTAIN, *Parole Services Manager*;
*MDOC,* STEPHEN DeBEOR, *Parole Board Member, MDOC*; JOHN SULLIVAN, *Parole Board Member, MDOC*;

    *Defendants*.

CASE NO. 10-CV-13609

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES E. BINDER

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.[1]

### II.    REPORT

#### A.    Introduction

Plaintiff Tommie Croskey is a state prisoner who is currently incarcerated at the Pine River Correctional Facility in St. Louis, Michigan. On September 10, 2010, Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On September 13, 2010, U.S.

---

[1] I note that in the event this Report and Recommendation is adopted, Plaintiff's pending motions for appointment of counsel (Doc. 3) and for formal service of process (Doc. 4) will be moot.

District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on September 13, 2010. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. Plaintiff's Claims

Plaintiff asserts in his complaint that the Michigan Parole Board relied upon false information in his file when it denied him parole in 2008, 2009, and 2010. Plaintiff contends that he "has a federal constitutional right to not be denied parole for crimes Defendants know he did NOT commit and is NOT serving for." (Compl. at 11.) Plaintiff also asserts that the board's reliance on false information violates his rights under Article 1 § 17 of the Michigan Constitution, which provides a right to fair and just hearings. (Compl. at 5.) He seeks $250,000 from each defendant and an order from this Court requiring the Michigan Department of Corrections to remove the false information. (*Id.*)

### D. Analysis & Conclusion

With regard to Plaintiff's assertion that his federal constitutional rights have been violated, I suggest that Plaintiff has failed to state a claim upon which relief can be granted. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without process of law." U.S. Const., amend. XIV, § 1; *accord* amend. V. "This Clause imposes procedural limitations on a State's power to take away protected entitlements." *District Attorney's Office for Third Judicial Dist. v. Osborne*, ___ U.S. ___, 129 S. Ct. 2308, 2319, 174 L. Ed. 2d 38 (2009). To state a procedural due process claim under § 1983,

3

a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Of course, following a criminal conviction, an incarcerated person "does not have the same liberty interests as a free man." *Osborne*, 129 S. Ct. at 2320. If a plaintiff cannot identify a protected liberty interest that was infringed by the alleged lack of process, he cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983).

"A liberty interest can arise in one of two ways: (1) from the Due Process Clause itself; or (2) from a state or federal statute." *Ho v. Greene*, 204 F.3d 1045, 1058 (10th Cir. 2000). *See also Sandin v. Conner*, 515 U.S. 472, 477-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). It was established long ago that there is no constitutionally-protected right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Thus, Plaintiff has a protected liberty interest only if Michigan law creates such an interest.

In the parole context, whether a state law creates a protected liberty interest "turn[s] on the presence or absence of language creating 'substantive predicates' to guide discretion." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). To create a liberty interest, the regulation at issue must "contain 'explicitly mandatory language,' *i.e.*, specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow[.]" *Id.* at 463. Under Michigan law, the parole board retains the discretionary authority to decide whether to release a prisoner on parole. *In re Parole of Johnson*, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing MICH. COMP. LAWS § 791.234(6)(d) and 791.234(7)). *See also* MICH. COMP. LAWS § 791.234(9). Thus, it does not

"create an independent federal due process liberty interest or right in the prisoner." *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). *See also Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov.1, 2000).

Accordingly, in Plaintiff's case, even assuming that the parole board did rely on false information, his claim does not present any constitutional violation. Therefore, Plaintiff fails to state a claim for a violation of his federal constitutional rights and the claim should be *sua sponte* dismissed.

With regard to Plaintiff's claim that his rights under the state constitutional were violated, I suggest that Plaintiff has also failed to state a claim because section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166. Additionally, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under section 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Finally, when all federal claims are subject to dismissal at a pretrial stage and the parties are non-diverse, this Court should decline to exercise supplemental jurisdiction over a pendent state law claim. *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996).

For these reasons, I suggest that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                     s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: September 20, 2010            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Tommie Croskey, #275228, at Pine River Correctional Facility, 320 N. Hubbard Rd., St. Louis, MI, 48880-1926, and served on District Judge Hood in the traditional manner.

Date: September 20, 2010          By    s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder