# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TOMMIE CROSKEY,

    Plaintiff,

v.

BARBARA S. SAMPSON, et al.,

    Defendants.
    _____/

Case No. 10-13609
Honorable Denise Page Hood

## ORDER REGARDING REPORT AND RECOMMENDATION
## AND ORDER DISMISSING ACTION

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation, dated September 20, 2010 [Doc. 9]. On October 5, 2010, Plaintiff Tommie Croskey ("Croskey") filed a Motion to Reject the Magistrate Judge's Report and Recommendation (dated September 26, 2010). [Doc. No. 10]

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947

(6th Cir. 1981).

The Court has reviewed the Magistrate Judge's Report and Recommendation, along with Croskey's Motion to Reject the Report and Recommendation. Croskey sets forth four objections to the Report and Recommendation. Croskey first objects to the Report and Recommendation's "implication" that he is asking Defendants to amend his pre-sentence investigation report. Croskey states that he has petitioned the Oakland County Circuit Court for his sentencing transcripts and will be petitioning the Court to amend the pre-sentence investigation report and to stop the Defendants from using false offense assessments in denying parole. Based on this statement, it appears that Croskey is claiming that he is not asking the Defendants to amend his pre-sentence investigation report but he is instead requesting that the Court amend the pre-sentence investigation Report and to enjoin Defendants from using false offense assessments in their review of Croskey's parole eligibility.

Croskey next objects to the Report and Recommendation's conclusion that Defendants have not violated his Fourteenth Amendment rights. Croskey claims that the denial of the parole based on "loss of life," "multiple victims," and "stalking" violates his right to due process and equal protection because Croskey asserts the basis for the denial are erroneous since there is only one victim involved who is alive and well. Croskey's third and fourth objections are that the Magistrate Judge failed to mention his First and Ninth Amendment rights were violated.

None of Croskey's objections have merit since Croskey has failed to state a claim upon which relief can be granted, as noted by the Maigstrate Judge. In addition to the reasons set forth by the Magistrate Judge in his Report and Recommendation, the Court notes that because Croskey has not shown that his conviction has been set aside, overturned or reversed, this Court has no

authority to review his Complaint. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Croskey does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent Croskey is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does

3

not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

The holding in *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*. 96 Fed. Appx. 353, 354 (6th Cir. 2004)(*quoting Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Because Croskey does not allege that his underlying conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to the denial of parole and continued incarceration against the Defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See, e.g., Norwood v. Michigan Department of Corrections,* 67 Fed. Appx. 286, 287 (6th Cir. 2003). *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and

would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

Accordingly, for the reasons set forth above,

IT IS ORDERED that the Report and RECOMMENDATION **(Doc. No. 9)** is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law.

IT IS ORDERED that the Motion to Reject the REPORT and RECOMMENDATION **(Doc. No. 10)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Formal Service **(Doc. No. 4)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice under *Heck, supra.*

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: December 22, 2010

I hereby certify that a copy of the foregoing document was served upon Tommie Croskey, Reg. No. 275228, Pine River Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 on December 22, 2010, by electronic and/or ordinary mail.
        s/Shawntel R. Jackson
        Case Manager